UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYLER HALL,

         Plaintiff,

    v.

DOE, et al.,

         Defendants.

Case No. 25-cv-00875-JSC

**ORDER OF TRANSFER**

Plaintiff is a detainee at the Colorado State Mental Hospital in Pueblo, Colorado, proceeding without representation by an attorney. He filed two letters making a variety of claims and alleging incidents involving jail, prison, and police officials in Florida, Colorado, and California. (ECF Nos. 1, 2.) The Clerk construed these letters as an effort to bring a civil rights action, opened this case, and sent Plaintiff a civil rights complaint form, an application to proceed in forma pauperis ("IFP"), and a notice of assignment to a United States Magistrate Judge.[1] (ECF Nos. 3-5.)

Plaintiff has not filed a complaint, IFP application, or consent to the jurisdiction of a Magistrate Judge in response to the Clerk's deficiency notices. Instead, he has written a letter in which he states he wishes to "start[] with" his claim of "excessive force in Fl[orida]." (ECF No. 7 at 1.) Plaintiff's original letter included a number of claims arising out of his arrest and incarceration in Escambia County, Florida. (ECF No. 1 at 6-9.)

When, as here, jurisdiction is not founded on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in

---

[1] The case was originally assigned to a Magistrate Judge before being reassigned to the undersigned District Judge because Plaintiff did not file a consent to the jurisdiction of a Magistrate Judge by the deadline.

1  which a substantial part of the events or omissions giving rise to the claim occurred, or a

2  substantial part of property that is the subject of the action is situated, or (3) a judicial district in

3  which any defendant may be found, if there is no district in which the action may otherwise be

4  brought.  28 U.S.C. § 1391(b).  When a case is not filed in the proper venue, a district court has

5  the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of

6  justice."  28 U.S.C. § 1406(a).

7       The Court construes Plaintiff's correspondence as expressing an intent to pursue his claims

8  arising out of Escambia County, Florida, which is in the venue for the Northern District of Florida.

9  28 U.S.C. § 89.[2]  Accordingly, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this

10  case is TRANSFERRED to the United States District Court for the Northern District of Florida.

11       The Clerk of the Court shall transfer this matter forthwith.  In light of this transfer, the

12  Court defers to the Northern District of Florida to determine whether Plaintiff must pay the filing

13  fee or may proceed in forma pauperis.

14  **IT IS SO ORDERED.**

15  Dated: June 5, 2025

                                                JACQUELINE SCOTT CORLEY
                                                United States District Judge

---

[2] To the extent Plaintiff wants to pursue claims arising out of events arising out of his present incarceration in Colorado (*see* ECF No. 2), he must file such claims in the United States District Court for the District of Colorado.  *See* 28 U.S.C. § 85.  Claims arising from his incarceration in High Desert State Prison in Delano, California (*see* ECF No. 1 at 2-6), must be filed in the United States Court for the Eastern District of California.  *See* 28 U.S.C. § 84.

2